JohnsoN, C. J. The plaintiffs in error interposed their demurrer to the defendants’ declaration in the court below, which being overruled, they filed five pleas in bar of the action. To the first and third pleas, the defendants replied generally, and issues were made; and they then demurred to the residue. The court sustained the demurrer, and also gave judgment in favor of the defendants in error upon the issue joined. The first point to be considered under this state of ease, is as to the propriety of the decision sustaining the demurrer to the pleas. “A party should not demur unless he be certain his own previous pleading is substantially correct, for it is an established rule that upon the argument of a demurrer, the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance; as, if the plea, which is demurred to, be bad, the defendant may avail himself of a substantial defect in the declaration.” See 1 Chitty’s Pleadings, p. 663, and the authorities there cited. It is conceived to be wholly immaterial whether the pleas be sufficient or not, in case the declaration be defective in a matter of substance. The defendants having demurred to the pleas of the plaintiffs, they did it at their peril, and must now stand or fall upon their own declaration. In the case of Dardenne v. Bennet et al., 4 A. R. p. 458, the court say, “craving oyer of the instrument sued on does not entitle the party to oyer of the assignment on it, nor place it on the record. And also in the case of Merchant v. Slater, 5 Ark. 330, it is laid down that “our statute has elevated assignments to the same dignity, as instruments of evidence, as the originals themselves, and they can be impeached only in the same manner. ” It is therefore equally necessary “to make profert of the assignment as of the original itself, and the omission of either is fatal on demurrer.” It is clear that under these decisions the declaration in this case is substantially and fatally defective. The plaintiffs in the court below allege an endorsement to themselves of die note sued upon, and rely upon it to evince their title and right to recover in the action. Where a party founds his action upon an assignment or endorsement he is required to make . profert of it, in order that the defendant may bring it upon the record by oyer, and interpose such defence as the circumstances of his case will permit. We are therefore clearly of opinion, whether the pleas are good or bad, that they are fully sufficient for the declaration. The court having erred in sustaining the demurrer to the pleas, it necessarily follows, for the reasons already assigned, that the judgment upon the issues made upon the other pleas is also erroneous,-the judgment is therefore reversed.